UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                  Case Nos.:   3:19cr68/MW/MAL
                                                                  3:22cv3094/MW/MAL

KIONDI JONES

---

# REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Kiondi Jones' "Motion to Vacate, Correct or Set Aside Pursuant to Title 28 U.S.C. § 2255." ECF No. 105.[1] After careful consideration of the motion and memorandum, the record, the relevant law, the Government's responses, and Jones' reply, I recommend the § 2255 motion be denied without an evidentiary hearing. Jones cannot show counsel was constitutionally ineffective for failing to raise the four meritless arguments presented in his motion.

---

[1] The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

On June 18, 2019, a federal grand jury charged Jones in a single-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 1. A three-count superseding indictment was returned on August 6, 2019. ECF No. 25. The superseding indictment contained the same charge, slightly reworded, and also charged Jones with possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). ECF No. 25. The Government filed a Notice of Enhancement Information indicating its intent to seek enhanced penalties due to a single prior drug conviction. ECF No. 33.

Jones filed a motion in limine to exclude the Government's proposed 404(b) evidence concerning two prior drug convictions. ECF No. 40. He argued that his *nolo contendere* plea in each of the two cases did not establish he had committed the crimes charged. ECF No. 40. Jones also argued that introducing evidence of his prior conviction for simple possession of cocaine was outweighed by the danger of unfair prejudice. The district court denied the motion with respect to the introduction of evidence relating to the *nolo contendere* aspect of his prior convictions and reserved

ruling on whether the Government would be permitted to introduce evidence of the simple possession. ECF No. 44.

The trial took place on October 28 and 29, 2019. ECF Nos. 93-94. CJA counsel John Terrezza represented Jones, after the Office of the Federal Public Defender learned of a conflict between Jones and another individual represented by that office. ECF Nos. 17, 19, 20.

These charges stemmed from an investigation involving a confidential informant. In November of 2018, the Pensacola Police Department executed a warrant to search a residence where the informant had purchased narcotics. ECF No. 102 at 2. As police entered the home, one of the officers observed a man later identified to be Jones jump out of an open window. *Id.* Officers found a single locked door inside the residence and after making a forced entry into the room they discovered a bedroom with an open window, which was the window from which Jones had leapt. *Id.* at 2-3. A search of the room revealed items including a firearm and ammunition, small quantities of various drugs and paraphernalia, and documents and photos bearing Jones' name and image. *Id.* at 3. At trial, the Government called a total of five witnesses: three officers from the Pensacola Police Department who were present or involved in the execution of the warrant, and two special agents with

the Bureau of Alcohol, Tobacco, Firearms and Explosives who testified primarily about the guns and ammunition seized during the search and Jones' status as a felon whose rights had not been restored. ECF No. 93 at 21:1—124:3, 159:20—162:14. Jones called a single witness to try to establish that the seized gun did not belong to him. ECF No. 102 at 3-6; ECF No. 93 at 137:8—157:11. He did not testify. The jury convicted Jones as charged. ECF No. 59.

Jones' Revised Final Presentence Investigation Report (PSR) reflected a total offense level of 26 and a criminal history category of VI, yielding an advisory guidelines range of 120 to 150 months followed by 60 consecutive months on Count Three. ECF No. 80, PSR ¶¶ 35-43, 72, 110-11. Counsel argued that the court should sentence Jones as though he had been dealing a methamphetamine mixture rather than pure methamphetamine, which would yield a much lower guidelines range of 70 to 87 months on Counts One and Two. ECF No. 92 at 38-41. Jones declined to speak in allocution. *Id.* at 41. The district court accepted the defense argument and sentenced Jones to a term of 78 months' imprisonment on Counts One and Two followed by the mandatory consecutive 60-month term on Count Three. This was well below the applicable advisory guidelines range, but the sentence reflected the

policy dispute regarding the guidelines for pure methamphetamine and methamphetamine mixtures. *See* ECF No. 78; ECF No. 92 at 44-45.

Jones appealed his convictions and sentence, raising three claims of error. ECF No. 102. He asserted (1) the Government improperly impeached the sole defense witness; (2) the district court abused its discretion by denying one of his requested jury instructions; and (3) the district court erred when it increased his sentence based on a finding that he "maintained a premises" for distributing drugs. *Id.* at 2. The Eleventh Circuit affirmed on March 9, 2021, and Jones timely filed the instant § 2255 motion.

## II.   DISCUSSION

A. **Standard of Review**

A defendant is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered

procedurally defaulted. *Granda v. United States,* 990 F. 3d 1272, 1286 (11th Cir. 2021) (citation omitted). Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003).

In this case, Jones raises four claims of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The movant "bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001); *see also Demar v. United States*, 228 F. App'x 940, 950 (11th Cir. 2007); Thus, in applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Id.* at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Hollis v. United States*, 958 F. 3d 1120, 1122 (11th Cir. 2020).

To establish the second prong, prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Jenkins v. Comm'r, Ala. Dep't of Corr.,* 963 F. 3d 1248, 1270 (11th Cir. 2020). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993). In the case of a defendant who took his case to trial the defendant must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

It is the defendant's burden to provide factual support for his contentions regarding counsel's performance. *See Beeman v. United States,* 899 F. 3d 1218, 1218 (11th Cir. 2018). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Dale v. United States*, 809 F. App'x 727, 728 (11th Cir. 2020). A defendant must identify the errors or omissions of which he complains and explain how they affected the outcome of the proceedings. *Boyd*, 697 F.3d at 1333. A silent record is not sufficient to disprove the strong and continuing presumption of effective representation. "[W]here the record is incomplete or unclear" about counsel's actions, the court "will presume that he did what he should have done, and that he exercised reasonable professional judgment." *Harvey v. Warden, Union Corr. Inst.,* 629 F. 3d 1228, 1239 (11th Cir. 2011). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Hollis v. United States,* 958 F.3d 1120, 1124 (11th Cir. 2020).

B. **Jones' Grounds for Relief**[2]

<p style="padding-left: 60px;">1. Failure to Pursue Actual Innocence Claim under *Rehaif*</p>

Jones asserts he is actually innocent of his § 922(g)(1) conviction and counsel was ineffective for not pursuing this claim through his appeal. He argues the Government was required to prove he knew he possessed a firearm and ammunition, not that he "should have known." ECF No. 109 at 10. He also claims his indictment was insufficient under Fed. R. Crim. P. Rule 7(a). *Id.*

In *Rehaif v. United States*, 588 U.S. 225, 237 (2019), the Supreme Court held the word "knowingly" in 18 U.S.C. § 922(g) modifies both the status and the possession elements of the statute. Thus, the Court stated, in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2) the Government must prove both that the defendant knew he possessed a firearm (the knowledge-of-possession element) <u>and</u> that he knew he belonged to the relevant category of persons barred from possessing a firearm (the knowledge-of-status element).)

As noted above, the Government superseded the original indictment in this case. ECF No. 25. In addition to adding two counts, the language used in Count One

---

[2] Jones presents the same claims on his § 2255 form and his supporting memorandum, albeit in different order. The claims are presented in the order in which they are presented on the § 2255 form.

was amended slightly to comply with the new requirements of *Rehaif*. In the original indictment, returned two days before the *Rehaif* decision, the Government charged in Count One that Jones "having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, possessed a firearm and ammunition in and affecting interstate and foreign commerce, and did so knowingly." ECF No. 1. In the August 7, 2019, superseding indictment, Count One charged that Jones "*knowing* he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition in and affecting interstate and foreign commerce." ECF No. 25 at 1 (emphasis added).

    The jury instructions tracked the newly articulated knowledge requirement. ECF No. 58 at 9. The court instructed the jury that in order to return a verdict of guilty, the Government must have proven both the knowledge of possession and the knowledge of status requirements. *Id.* However, Jones signed a written stipulation stating in part that before the date of the alleged offense conduct in this case, he had been convicted of a felony and he knew he had been so convicted. *Id.*; *see* ECF No. 107-1 at 2. Therefore, the Government only had to provide evidence as to the "knowledge-of-possession" element of the § 922(g) offense. ECF No. 58 at 9.

Jones' suggestion the Government only proved he "should have known" he possessed a firearm is unsupported. There was no meritorious basis for counsel to raise a *Rehaif* claim either before the trial court or on appeal. Jones is not entitled to relief.

2.  Failure to Request a Mental Health Examination

Jones next contends counsel was ineffective for not pursuing a mental health evaluation due to his intellectual deficits, his family history of mental health and substance abuse disorders, and the abuse and neglect he suffered as a child. ECF No. 109 at 7. He also claims counsel should have had him evaluated to assess whether he was competent to stand trial. ECF No. 105 at 5. Jones claims he was prejudiced because he "probably was incapable mentally of understanding most of what was going on in this case." ECF No. 109 at 8.

Jones has not provided any evidence in support of his claim. Indeed, it appears to be backed only by the post-conviction, post-incarceration observations of the three inmates who prepared the § 2255 motion in his behalf.[3] The three inmates who were identified as having prepared the motion state that they assisted Jones because he "is

---

[3] The three inmates are Jonathan Soto, #67292-050; Johnny Bedgood #21971-017; and Donald G. Green #39747-019. ECF No. 109 at 1, 8, 13.

not mentally able." ECF No. 109 at 8. The inmates purport to swear under penalty of perjury "that all of the information in this Claim #1 is true and correct to the best of [their] knowledge of what [they] see in [Jones.]" However, none of them have signed anyplace on the motion, and none appears to have any knowledge of Defendant Jones before he was remanded to federal custody.

The PSR reflects Jones' criminal history was extensive. He had nine prior adult criminal convictions for which criminal history points were assessed and another fifteen convictions for which no points were scored. ECF No. 80, PSR at ¶¶ 48-71. There is no indication that Jones' competence to stand trial or answer the charges was an issue in any of the cases, for which he was never sentenced to more than 24 months in state prison. With respect to Jones' intellectual capacity, his mother, who confirmed the personal information contained in the PSR, did not mention mental health issues. She stated Jones was in the Exceptional Student Education (ESE) program in fourth or fifth grade and he "may have been diagnosed with slow learning disability." PSR ¶¶ 101-102. She also advised he had been diagnosed in middle school with ADHD, although she refused to medicate him at the time. PSR ¶¶ 90-91. While the PSR provides details about Jones' parents struggling with drug addiction, PSR ¶ 81, it contains nothing to support the "family

history of mental health disorders, schizophrenia, other disorders [and] family abuse" Jones now describes. Green, Soto and Bedgood's purported willingness to "to swear in court… to the Movant's mental health and very low I.Q. level" (ECF No. 112 at 2) or perhaps the "mental illnesses and multiple personalities that he suffers from" (*id.* at 4) likewise does not establish he is entitled to relief.

Finally, neither Jones' complaint that the court did not send him to a "prison Mental Health hospital, where he really belongs," nor his request for a mental health evaluation, ECF No. 109 at 11, are matters related to the validity of his conviction and sentence. Thus, they are not properly before the Court in this § 2255 motion.

Relief on Ground Two should be denied.

3. <u>Failure to Fully Cross Examine or Request Discovery About Police Officer</u>

Jones contends counsel was ineffective for not fully questioning "the police officer" about his killing of an innocent African American and other "bad acts" as a police officer. ECF No. 105 at 6. He also contends counsel was ineffective for not requesting discovery on this same officer about the death of the African American and various other physical abuse charges in the line of duty. ECF No. 109 at 8. Jones claims had he been given this discovery, "he could have been better prepared to question this officer, who fabricated testimony against [him] on the witness stand."

*Id.* Jones claims he told his attorney to pursue questioning against the officer's bad acts and why he was "fabricating lies against [Jones] about this case, and the untruths he was giving on the witness stand." *Id.* at 9. He claims he was prejudiced because the jury did not hear "all of the evidence in this case," and he also baldly asserts there was "definitely a conflict of interest in this case." *Id.*

Jones' allegations are again bare and conclusory and do not entitle him to relief. He does not identify which of the three police officer witnesses is the subject of his assertions. He does not explain how evidence of the officer's other "bad acts" (including an alleged "murder and assaults and batteries") would have been relevant to his case. Finally, he does not identify the lies the officer allegedly told on the witness stand.

Jones has not met his burden under *Strickland* and he is not entitled to relief on this Ground.

4. <u>Failure to Allow Jones to Testify</u>

Lastly, Jones claims counsel never "asked" him if he wanted to testify, and he contends counsel was ineffective for not "allowing" him to testify in his own behalf. ECF No. 109 at 9. The record does not support Jones' assertions. The following colloquy took place between Jones and the district court:

THE COURT: … I need to inquire about your decision. It's your decision about whether to testify or not testify. Do you understand that?

THE DEFENDANT: Yes, Sir.

THE COURT: Have you discussed the matter of your testifying thoroughly with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: And has he advised you of the pros and cons of that?

THE DEFENDANT: Yes, sir.

THE COURT: And what is your decision?

THE DEFENDANT: I'm not going to, sir.

THE COURT: So your decision is to not testify, correct?

THE DEFENDANT: (Nodding head.)

THE COURT: All right. But it's your decision; it's not your attorney's decision. Is that right?

THE DEFENDANT: Yes, sir.

THE COURT: All right. That's all that we have to put on the record. Thank you.

ECF No. 93 at 158:11--159:5. Jones' allegation that counsel did not "allow" him to testify, is unsupported, if not completely false. He has not shown he is entitled to relief due to the alleged ineffectiveness of counsel.

## C. CONCLUSION

An evidentiary hearing is not necessary to resolve Jones' claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). Jones' allegations are not sufficient to establish counsel was constitutionally ineffective as to any of the four grounds for relief, and his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied in its entirety.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The motion to vacate, set aside, or correct sentence (ECF No. 105) be DENIED.

2. A certificate of appealability be DENIED.

At Gainesville Florida on August 15, 2024.

> s/ *Midori A. Lowry*
> Midori A. Lowry
> United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.